```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

K.M.,                           )
                                )
        Plaintiff,              )
                                )
    vs.                         )       Case No. 4:07CV1930-DJS
                                )
FIRST BANK,                     )
                                )
        Defendant.              )

## ORDER

Now before the Court is defendant First Bank's motion to compel a mental examination of plaintiff K.M., pursuant to Federal Rule of Civil Procedure 35(a) [Doc. #34]. Plaintiff has not opposed defendant's motion, and the time to do so has expired. Accordingly, the motion is ripe for disposition.

Federal Rule of Civil Procedure 35 requires an affirmative showing by the movant that the mental or physical condition or injury as to which the examination is sought is genuinely in controversy and that good cause exists for ordering the examination. Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964). The ruling on the motion rests within the trial court's discretion. Sanden v. Mayo Clinic, 495 F.2d 221, 225 (8th Cir. 1974).

The Court has considered plaintiff's complaint and the exhibits provided by defendant to determine whether plaintiff's mental condition is in controversy and whether defendant has shown good cause for the requested examination. In his complaint, plaintiff alleges that as a result of defendant's alleged conduct,

he continues to suffer from shame, humiliation, embarrassment, anxiety, and depression. Plaintiff also alleges that he suffered an emotional breakdown and resigned from employment from defendant on or about May 18, 2007. Plaintiff further alleges that as a result of defendant's alleged unlawful conduct, "Plaintiff had an emotional breakdown: Plaintiff became depressed and suicidal; Plaintiff overdosed on prescriptions and nearly died; Plaintiff suffers from major depression." Plaintiff further alleges that he will require continuing treatment and additional treatment in the future and that his ability to live, work, and enjoy life has been and will forever be impaired to his detriment.

Plaintiff's initial disclosures provide that plaintiff is seeking $15 million in compensatory damages for depression, anxiety, humiliation, and damaged professional reputation. Further, in responding to defendant's Interrogatory No. 4, plaintiff states that he "could not work for a period of time following his emotional breakdown in May of 2007. Plaintiff was hospitalized for a period of time for depression after he attempted suicide." In response to defendant's Interrogatory No. 12, plaintiff provides the following answer:

> Defendant's workplace became so full of discriminatory intimidation, ridicule, harassment and insult toward Plaintiff and became an abusive place for Plaintiff's work. Consequently, Plaintiff suffered an emotional breakdown and resigned on or about May 18, 2007. Plaintiff attitude suicide;
>
> Plaintiff cannot pinpoint one specific moment in time when he began to experience psychological trauma as a result of Defendant's conduct.

> Although Plaintiff had experienced some depression prior to October of 2006, he was coping well. However, after Plaintiff returned to work for Defendant in October of 2006, following his medical leave, he became the target of harassment, ridicule HIV status. The conduct of Defendant and Defendant's managers, supervisors and employees eventually became so serious that Plaintiff could not handle it emotionally. Consequently, Plaintiff had an emotional breakdown and attempted suicide in May of 2007;
>
> It is difficult for Plaintiff to describe his symptoms, except to say that he felt stressed and depressed. Plaintiff just felt bad and his feelings became more and more severe from October of 2006 through May of 2007. Ultimately, Plaintiff overdosed and nearly died.

Plaintiff's complaint, initial disclosures, and interrogatory answers demonstrate that plaintiff has placed his mental condition in controversy, and defendant has shown good cause for a mental examination. Accordingly,

**IT IS HEREBY ORDERED** that defendant First Bank's motion to compel a mental examination [Doc. #34] is granted.

**IT IS FURTHER ORDERED** that plaintiff K.M. shall submit to a mental examination on a date and in a manner described in defendant's motion.

Dated this  27th  day of February, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE